UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00091-MOC

| | | |
|---|---|---|
| **BERTIE FRANKUM,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BOSTON SCIENTIFIC CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on Plaintiff Bertie Frankum's Motion for Reconsideration of Summary Judgment on her claim for negligent failure to warn (#108).

I. **Procedural Background**

This case, which is related to MDL 2326, *In re Boston Scientific Corp. Pelvic Repair System Products Liability Litigation*, was recently assigned to this court after transfer from the Southern District of West Virginia. The presiding judge in the MDL Court completed all pretrial proceedings and handled all dispositive and *Daubert* motions. On April 29, 2015, the MDL Court granted, *inter alia*, Defendant's motion for summary judgment on Plaintiff's negligent failure to warn claim. See (Mem. Op. & Order, Doc. 103 at pp. 5-7). Plaintiff moves pursuant to Fed. R. Civ. P. 54(b) for this court to reconsider that summary judgment determination, arguing that the MDL Court improperly assessed the evidence relevant to that claim and incorrectly applied the summary judgment standard.

II. **Standard of Review**

Rule 54(b) of the Federal Rules of Civil Procedure provides that, in the absence of an express

order directing final judgment as to certain claims or parties:

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Id. Pursuant to this rule, the Court "retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). The decision to grant or deny a Rule 54(b) motion is "committed to the discretion of the district court." Id. at 515. Accordingly, "[a] prior dispositive order should be followed unless '(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.'" Sisk v. Abbott Labs., 298 F.R.D. 314, 316 (W.D.N.C. 2014) (quoting Am. Canoe, 326 F. 3d at 515).

Generally speaking, "it is improper to file a motion for reconsideration, simply to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" N. Carolina ex rel. Cooper v. Tennessee Valley Auth., No. 1:06CV20, 2008 WL 2115159, at *2 (W.D.N.C. May 16, 2008) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va. 1983)). This court has previously noted that a motion for reconsideration is appropriate only when:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ... [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred].

Id. (quoting Wiseman v. First Citizens Bank & Trust Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003). "Such problems rarely arise and the motion to reconsider should be equally rare." Id.

**III.   Analysis**

Plaintiff argues that reconsideration is warranted because the MDL Court improperly weighed contradictory evidence, failed to construe the evidence and reasonable inferences in a light most favorable to the Plaintiff, and made a determination on an issue that should have gone to the jury. Plaintiff asks this court to set aside that ruling as clearly erroneous and as working a "manifest injustice." The court finds that Plaintiff's request is simply an attempt to have this court "re-think" the merits of the MDL Court's decision, which is not an appropriate grounds for reconsideration. Id. at *2. Moreover, the court does not find the MDL Court's decision to be clearly erroneous.

The crux of Plaintiff's argument centers on the MDL Court's determination that Plaintiff's physician, Dr. Blackley, did not rely on the Obtryx directions for use ("DFU") before he implanted the product in Plaintiff. As stated by the MDL Court, under North Carolina law, "[n]o manufacturer . . . shall be held liable in any product liability action for a claim based upon inadequate warning or instruction unless the claimant" can satisfy three requirements. N.C. Gen. Stat. § 99B-5(a). First, the claimant must establish "that the manufacturer . . . acted unreasonably in failing to provide such warning or instruction." Id. Second, the claimant must establish "that the failure to provide adequate warning or instruction was a proximate cause of the harm for which damages are sought." Id. Finally, the claimant must establish either of the following:

> (1) At the time the product left the control of the manufacturer . . . , the product, without an adequate warning or instruction, created an unreasonably dangerous condition that the manufacturer . . . knew, or in the exercise of ordinary care should have known, posed a substantial risk of harm to a reasonably foreseeable

> claimant [; or] (2) After the product left the control of the manufacturer . . . , the manufacturer or seller became aware of or in the exercise of ordinary care should have known that the product posed a substantial risk of harm to a reasonably foreseeable user or consumer and failed to take reasonable steps to give adequate warning or instruction or to take other reasonable action under the circumstances.

Id. The MDL court also determined that the "learned intermediary doctrine" applies in this case, and Plaintiff does not dispute that determination in her motion for reconsideration. This doctrine shields manufacturers from liability for failure to warn claims where "an adequate warning or instruction has been provided to the physician or other legally authorized person who prescribes or dispenses that prescription drug for the claimant." N.C. Gen. Stat. 99B-5(c); see also (Mem. Op. & Order, Doc. 103, at pp. 6-7) (citing Baraukas v. Danek Med., Inc., 6:97CV00613, 2000 WL 223508, at *4 (M.D.N.C. Jan. 13, 2000) (applying doctrine in context of surgical bone screw). Also as noted by the MDL Court, reliance is a necessary element of causation. See (Mem. Op. & Order, Doc. 103, at p. 7) (citing Sanchez v. Boston Scientific Corp., 38 F. Supp. 3d 727, 734 (S.D. W. Va. 2014) (applying California law and noting, "[e]ven where a plaintiff proves that warnings were inadequate, the learned intermediary doctrine still applies. A plaintiff must prove that inadequate warnings altered the prescribing physician's decision to prescribe."). Here, the MDL Court concluded that "[w]hile [Plaintiff] points to Dr. Blackley's testimony wherein he stated that he *generally* reviews instructions before using a product for the first time…, Dr. Blackley also admitted that he did not 'read the DFU for the Obtryx transobturator sling'" and "the facts here demonstrate, indisputably, that Dr. Blackley failed to *rely* on the Obtryx DFU." (Mem. Op. and Order, Doc. 103 at p. 7) (citing Lewis v. Ethicon Inc., No. 2:12-

cv-4301, 2014 WL 186869, at *4 (S.D. W. Va. Jan. 15, 2014)[1]; Jones v. C. R. Bard, Inc., No. 2:11-cv-00114, 2013 WL 5591948, at *6 (S.D. W. Va. June 4, 2013) (both MDL cases granting summary judgment on failure to warn claims where doctor failed to rely on product's instructions when prescribing them to patients, and noting that where the doctors did not review the instructions, no amount of warnings would have caused them to act any differently.). The MDL Court concluded that because Dr. Blackley had not relied on the DFU, a reasonable juror would not be able to conclude that Defendant's allegedly defective warning proximately caused Plaintiff's injuries.

In her motion for reconsideration, Plaintiff cites deposition testimony purporting to show that Dr. Blackley did, in fact, review the Obtryx DFU before implanting the product. This testimony was considered by the MDL Court, as indicated by the fact that the Court explicitly references it in its Order. See (Mem. Op. & Order, Doc. 103, at pp. 6-7) (citing Blackley Dep. at 81:5-82:12 [Doc. 67-1 at p. 15]). The MDL Court determined that such testimony constituted general statements about reviewing instructions for medical devices for the first time, and did not overcome Dr. Blackley's statement at deposition that he "did not read the DFU for the transobulator sling." (Dr. Blackley Dep. [Doc. 74-3 at p. 6] at 29:7-11). The court finds no error in such determination and declines to "re-think" the merits of the MDL Court's decision. As such, the court enters the following Order.

---

[1] The MDL Court's determination as to the failure to warn claim in this case, which applied the learned intermediary doctrine under Texas law, was affirmed. See Lewis v. Johnson & Johnson, No. 14-1244, 2015 WL 860371 (4th Cir. Mar. 2, 2015).

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration (#108) is **DENIED**.

Signed: June 4, 2015

Max O. Cogburn Jr.
United States District Judge