UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00091-MOC; 1:15-cv-00092-MOC

| | | |
|---|---|---|
| **BERTIE FRANKUM,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BOSTON SCIENTIFIC CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| **TERI MATHISON and NORMAN MATHISON,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| **BOSTON SCIENTIFIC CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on Defendant's Motion to Conduct Individual Trials in Frankum v. Boston Scientific, 1:15-cv-00091-MOC (#125), and Mathison v. Boston Scientific, 1:15-cv-00092-MOC (#106). These cases were transferred to this district from the Southern District of West Virginia and are directly related to MDL 2326, In re Boston Scientific Corp. Pelvic Repair System Products Liability Litigation. Both cases are ready for trial. Defendant filed these motions the day before the court held a status conference on these cases. In its Order scheduling the status conference, the court indicated that it would likely consolidate these cases for trial pursuant to Fed. R. Civ. P. 42(a), which permits district courts to join cases

-1-

for hearing or trial where "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). As discussed at the hearing, Defendant asks the court to conduct individual trials in these cases, while Plaintiffs ask the court to consolidate them. Plaintiffs having been given an opportunity to respond in writing to Defendant's motions, Frankum v. Boston Scientific (#129) and Mathison v. Boston Scientific (#110), the motions are ripe for review. For the reasons explained herein, the court will deny Defendant's motions and consolidate these matters for trial.

I.     **LEGAL STANDARDS FOR CONSOLIDATION**

Fed. R. Civ. P. 42(a) permits consolidation "[i]f actions before the court involve a common question of law of fact." The rule provides courts with discretion over whether to consolidate actions for trial. See Arnold v. Eastern Air Lines, Inc., 681 F.3d 186, 192 (4th Cir. 1982). Courts considering consolidation should evaluate:

> (1) whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues,
> (2) burden on the parties,
> (3) witnesses and available judicial resources posed by multiple lawsuits,
> (4) the length of time required to conclude multiple suits as against a single one, and
> (5) the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. at 193. Generally, under Rule 42(a), when two causes of action involve common witnesses, identical evidence, and similar issues, judicial economy will generally favor consolidation. See Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation of actions involving common questions of law and fact also avoids the risk of inconsistent judgments. Switzenbaum v. Orbital Scis. Corp., 187 F.R.D. 246, 248 (E.D. Va. 1999). Nevertheless, "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." Michael v. Wyeth, LLC, No. 2:04-cv-0435, 2011 WL 1527581, at *2 (S.D. W. Va. Apr. 20, 2011) (Copenhaver, J.) (internal quotations omitted).

## II. DISCUSSION

### A. Common Issues of Law and Fact Predominate

This case arises from both Plaintiffs' use of transvaginal mesh to treat stress urinary incontinence ("SUI"). Mathison Doc. #110 Ex. H, Frankum Doc. #129 Ex. I, Ex. J. In both actions, Plaintiffs allege that they were implanted with the Obtryx Transobturator Mid-Urethral Sling System ("Obtryx"), a product manufactured by Defendant. Id. Although different physicians implanted the Obtryx in the two Plaintiffs, both surgeries were performed in North Carolina. Frankum Doc. #1 at 4; Mathison Doc. #1 at 4. After resolution of summary judgment motions in the MDL court, both Plaintiffs are pursuing claims for negligent design, breach of implied warranty of merchantability, and punitive damages. Mathison Doc. #95 at 12; Frankum Doc. #103 at 13. Ms. Mathison also includes a claim for loss of consortium. Mathison Doc. #95 at 12. These cases both arise under North Carolina law. Both Plaintiffs allege vaginal and pelvic injuries, though the exact type and scope of the injuries do vary somewhat between the Plaintiffs,[1] and Ms. Mathison complains of injuries extending beyond the pelvic region.

The main factual difference between these two cases is that Ms. Mathison has had her Obtryx surgically removed, but Ms. Frankum has not. Additionally, Defendant notes that Ms. Mathison has also had multiple pelvic and vaginal repair surgeries which Ms. Frankum has not undergone and that they have different medical profiles and histories (including, *inter alia*,

---

[1] Ms. Mathison complains of mesh erosion into the vaginal wall causing inflammation, foreign body response, chronic bladder infections with blood in urine, yeast infections, constant chronic pain, urinary and bowel problems, vaginal discharge, inability to stand for periods of time, difficulty standing and sitting, balance impairment, burning, numbness and tingling in the legs but predominantly in the left leg, pudenda never damage, dyspareunia, vaginal scarring, auto immune disease, anxiety and depression. Mathison Doc. #110, Ex. H. Ms. Frankum complains of boils in the vaginal area, pain in the pelvic area, difficulty urinating, painful intercourse and difficulty during sex, bleeding, urinary infections, discharge, and odor. Frankum Doc. #129 Ex. I, Ex. J.

differences in age, smoking, heart attacks, seizures, and aneurysms). Though Defendant argues these factual differences preclude the court from consolidating the two cases, the court finds that the factual similarities in these cases far outweigh their differences. Additionally, many of the factual differences cited by Defendant are irrelevant to the common issues these cases share, including whether the Obtryx was negligently designed, whether Boston Scientific breached the implied warranty, whether punitive damages are warranted, and whether the product is capable of causing particular injuries. The court believes that proper jury instructions can avoid any confusion that may arise due to these differences. See In re: Boston Scientific Corp. Pelvic Repair Sys. Prods. Liab. Litig., MDL 2326, Pre-Trial Order #78 (Feb. 19, 2014), at p. 4.

Defendant also argues that Plaintiffs' negligent design claims do not justify consolidation, arguing that Plaintiffs' differing preexisting conditions and the different timing of Plaintiffs' respective surgeries (almost two years apart) renders consolidation inappropriate. The court disagrees. Ms. Mathison and Ms. Frankum's claims arise under nearly identical circumstances. They both had the Obtryx implanted to treat stress urinary incontinence, and the design of the Obtryx did not change during the intervening two-year gap. Mathison Doc. #110 Ex. D, Frankum Doc. #129, Ex. E. As noted by the MDL court when facing this same issue upon consolidation, "[w]hile there will be separate evidence relating to . . . individual damages, the similarities in these cases, particularly as to the claim of design defect, far outweigh any differences. In addition, carefully crafted jury instructions and special interrogatories can avoid the confusion that may arise due to these differences." In re: Boston Scientific, Pre-Trial Order No. 78, at p. 4 (consolidating eleven cases involving the Obtryx where different plaintiffs were implanted with the Obtryx over four years and noting that such time period would result in only minimal variances in state of the art evidence in relation to defective design). The court therefore finds consolidation on

-4-

the negligent design claim appropriate.

Finally, Defendant argues that consolidating these cases would violate the Defendant's right to due process, since it could potentially result in Defendant being punished for conduct relevant to one case but not the other. The court is unpersuaded that such threat exists to Defendant here and notes that Defendant has not pointed to any controlling authority standing for the premise that a consolidated trial involving punitive damages violates due process. The court again finds that consolidation on this issue is appropriate and that proper jury selection and limiting instructions in this consolidated action will protect Defendant's due process rights.

### B. The Arnold Factors Favor Consolidation

The court has also considered the following factors from Arnold v. Eastern Airlines, Inc. in determining whether to consolidate these actions for trial:

> (1) whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues,
> (2) burden on the parties,
> (3) witnesses and available judicial resources posed by multiple lawsuits,
> (4) the length of time required to conclude multiple suits as against a single one, and
> (5) the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Arnold, 681 F.2d at 193. This court finds that consolidation is favored.

The court has carefully considered the risk of prejudice to Defendant in this action in light of the fact that a jury will be presented with two plaintiffs complaining of injuries allegedly caused by the same product. The court has also considered the risk of jury confusion that could arise as a result of the testimony regarding the factual differences between Plaintiffs. However, the court finds that any potential jury confusion and prejudice can be avoided if the evidence is presented in an organized manner and with proper jury instructions. The court is confident it can

avoid confusion and prejudice, especially since the court is consolidating only two actions for trial. The court also finds that the other four Arnold factors weigh in favor of consolidation. Proceeding in one trial will greatly reduce the burden on the parties and the witnesses that are scheduled to testify in both trials, both in terms of time and expense. Plaintiffs also point out that differences in evidence to be presented at trial are limited to individual medical records covering their individual care and treatment, and that jury instructions can account for such differences. Judicial economy also counsels strongly in favor of consolidating these cases—Plaintiffs represented at the hearing that they anticipate individual trials to take seven to eight days each, and a consolidated trial to take roughly ten days. Finally, a single trial will save the financial resources and time of both parties, which are valuable considerations when deciding whether consolidation is appropriate. See In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig., MDL 2004, 2010 WL 797273, at *3 (M.D. Ga. Mar. 3, 2010).

### C. CONCLUSION

For the reasons explained herein, the court will deny Defendant's motions to conduct individual trials. These actions will be consolidated for trial, as the court believes that consolidation is appropriate given the common factual and legal issues and the judicial efficiencies achieved. See In re Dow Corning Corp., 211 B.R. 545, 581-89 (Bankr. E.D. Mich. 1997) (consolidating cases of 588 breast implant plaintiffs); Suhn v. Breg, Inc., 2011 WL 1527263 (D.S.D. 2011) (consolidating multiple plaintiffs' cases alleging chondrolysis caused by a shoulder pain pump); Todd-Stenberg v. Dalkon Shield Claimants Trust, 48 Cal.App.4th 976 (1996) (consolidating for trial cases filed by three women with injuries resulting from implantation of intrauterine device).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's motions to conduct individual trials, Frankum v. Boston Scientific, 1:15-cv-91-MOC (#125), and Mathison v. Boston Scientific, 1:15-cv-92-MOC (#106) are **DENIED**.

**IT IS FURTHER ORDERED** that the above captioned cases be consolidated for trial, with Bertie Frankum v. Boston Scientific Corp., 1:15-cv-91-MOC, designated as the "Lead Case" for docketing purposes.

**IT IS FURTHER ORDERED that these consolidated cases be set for trial for the Asheville civil term commencing January 11, 2016.** The parties are advised that the obligations of counsel prior to and during trial can be found in this court's standing order regarding pretrial orders and case management.

Signed: June 19, 2015

Max O. Cogburn Jr.
United States District Judge