IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:15-cv-92-MOC; Case No. 1:15-cv-91-MOC

| | | |
|---|---|---|
| **TERI MATHISON and** <br> **NORMAN MATHISON,** | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | **SCHEDULING ORDER** |
| v. | ) <br> ) | |
| **BOSTON SCIENTIFIC CORPORATION,** | ) <br> ) | |
| Defendant. | ) | |
| **BERTIE FRANKUM,** | ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | |
| **BOSTON SCIENTIFIC CORPORATION,** | ) <br> ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court upon the "Joint Motion for Entry of Scheduling Order" (#135), by which the parties jointly move the court for entry of the schedule below. This matter is currently before the court upon transfer from consolidated pretrial proceedings in the Southern District of West Virginia, *In Re Boston Scientific Corporation Pelvic Repair System Products Liability Litigation, MDL No. 2326*, and remand to this Western District of North Carolina for trial. On June 19, 2015, the above-captioned cases were consolidated for all purposes, including jury trial. *See* Fed. R. Civ. P. 42(a)(1).

Having considered the parties' motion and proposed scheduling order, which essentially imposes earlier deadlines than this court would otherwise impose upon the parties for pre-trial matters, **IT IS HEREBY ORDERED THAT** the parties' "Joint Motion for Entry of

Scheduling Order" (#135) is hereby **GRANTED as modified herein,** and the court adopts the following deadlines and schedule for the trial in this case:

1) <u>Trial Date</u>.  Trial with a jury is scheduled for the February Asheville mixed term, which begins February 1, 2016.  The parties disagree as to the time necessary to conduct the trial of these cases.  Plaintiffs, because it will be necessary to put on 4 or more case specific witnesses per case (expert witnesses, treating physicians, plaintiffs, etc.), believe it will take 8-9 days to try these two cases (unlike the *Carlson* case which involved a single plaintiff). Defendant believes that the case should be limited to 6 days consistent with Carlson v. Boston Scientific tried in this district in October.

2) <u>Pre-Trial Conference</u>.  A Pre-Trial Conference shall take place on January 4, 2016, at 10:45 a.m. in the Asheville Division.

3) <u>Trial Subpoenas</u>.  Counsel must subpoena all witnesses at least fourteen (14) days before the trial date.  The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

4) <u>Motions in Limine</u>.  All motions in limine shall be filed on or before Monday, December 21, 2015.  Responses shall be due on or before Monday, January 4, 2016.  Absent specific direction from the undersigned, issues raised in motions in limine may not be referenced or mentioned in any way during either *voir dire* or opening statements.

5) <u>Alternative Dispute Resolution (ADR)</u>.  Pursuant to Local Civil Rules 16.2(A) and 16.3(D), the parties shall participate in a Mediation with a mediator to be determined by agreement of the parties on or about the week of January 4, 2016, unless otherwise ordered by the Court.

6) <u>Counsel's Obligations Two Weeks Before Trial</u>.  On or before January 18, 2016, counsel for all parties shall:

(a) Exchange an exhibit list;

(b) Exchange copies of exhibits or permit inspection if copying is impractical;

(c) Number and become acquainted with all exhibits;

(d) Exchange a witness list; and

(e) Agree upon the issues, reduce them to writing, and file them with the Court. If counsel cannot agree upon the issues, each party is directed to write his/her own version and file it with the Court.

(f) Agree upon stipulations of fact and file them with the Court. The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

7) <u>Counsel's Filings One Week Before Trial</u>.  At least one full week before the trial date, counsel for each party shall file with the Clerk of Court each of the following:

(a) A trial brief addressing all questions of law and any anticipated evidentiary issues;

(b) Proposed jury instructions, as described below; and

(c) Requested questions for voir dire.

8) <u>Proposed Jury Instructions / Verdict Form</u>.  As a jury trial has been requested, all counsel shall submit proposed jury instructions and verdict form no later than one week before the trial date. Additional instructions may be submitted during the trial as circumstances may require. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction must contain a supporting citation(s) as a footnote. A proposed instruction without a supporting citation may not be considered.

9) <u>Jury Voir Dire</u>: The Court will conduct initial, general voir dire of the venire. If

there are sensitive questions that need to be asked by the Court, counsel should submit those to the Court before voir dire begins. After the Court conducts its initial questioning, the venire will be turned over to counsel who may conduct voir dire in a manner similar to that used in the North Carolina trial courts. However, such opportunity is for gleaning information from the panel as a whole, not establishing rapport with individual jurors.

    10) <u>Deposition Designations</u>. If a party will offer deposition testimony as evidence at trial, the parties are to prepare the following and submit it to the Clerk of Court:

    (a) The party originally offering the testimony shall highlight in yellow all portions of the deposition testimony it will seek to have admitted;

    (b) That party shall then provide the highlighted copy (in an Excel format) to the opposing party by December 18, 2015;

    (c) The opposing party shall highlight in a different color all portions of the deposition testimony it will seek to have admitted;

    (d) The opposing party shall then list briefly in the margins, directly adjacent to the relevant testimony, any objections it has to that testimony (e.g., 401, hearsay);

    (e) By January 6, 2016, the opposing party shall then return the document (in an Excel format) to the party originally offering the testimony, who will list objections to the opposing party's highlighted portion;

    (f) The party originally offering the testimony shall then file the document with the Clerk of Court by January 15, 2016.

    The parties shall meet and confer no later than Friday, January 22, 2016 to resolve objections to testimony and exhibits and to resolve any proposed redactions to exhibits. Any unresolved objections shall be presented to the court on the first day of trial.

11) <u>Counsel's Duties First Day Of Trial</u>.  On or before February 1, 2016, counsel for each party shall file with the Clerk of Court an original and four (4) copies of the following:

(a) A witness list containing the name of every proposed witness;

(b) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

(c) Stipulations concerning the authenticity of as many proposed exhibits as possible; and

d) An exhibit list.

12) <u>Presentation of Exhibits / Jury Evidence Recording System ("JERS").</u>  Parties are expected to use presentation technology available in the courtroom to display evidence to the jury.  Training on the equipment should be arranged well in advance of trial with the courtroom deputy.  (*See* "Courtroom Technology" link on the district website at www.ncwd.uscourts.gov.)  Counsel shall provide in electronic format any exhibits of documents, photographs, videos, and any other evidence that may be reduced to an electronic file, for the use of Court personnel and the Court's Jury Evidence Recording System ("JERS") during trial.  Documents and photographs shall be in **.pdf, .jpg, .bmp, .tif, or .gif** format.  Video and audio recordings shall be in **.avi, .wmv, .mpg, .mp3, .wma, or .wav** format.  Each electronic exhibit shall be saved as a separate, independent file, and provided to the Court on a storage device, such as cd, dvd, or flash drive.  Exhibit files shall be named consistent with their order and name on the exhibit list.  For example:

Exhibit 1 − photograph of . . .

Exhibit 2 – contract . . .

Exhibit 3 − video deposition of . . .

If counsel for any party intends to tender more than fifteen (15) documentary exhibits, counsel for that party shall prepare one (1) exhibit notebook, or set of notebooks, for the Court's out-of-court use. Each exhibit notebook, shall contain an index listing all of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks.

13) <u>Format for Exhibit List</u>.  In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

<u>Exhibit #</u>            <u>Description</u>            <u>Identified by</u>            <u>Admitted</u>

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column. Counsel shall also provide an electronic copy of the exhibit list with the electronic exhibit files.

14) <u>Assessment of Jury Costs</u>.  Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and per diem fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

15) <u>Sanctions For Failure To Comply With The Pretrial Order</u>.  Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may

result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure.

16) <u>Compliance with Standing Pretrial Order</u>. To the extent that this Scheduling Order does not cover all matters involved in trial and pre-trial proceedings, the terms of this court's standing Pretrial Order and Case Management Plan (i.e. regarding motions practice) shall govern.

Signed: December 11, 2015

Max O. Cogburn Jr
United States District Judge