UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00091-MOC

| | | |
|---|---|---|
| TERI MATHISON and | ) | |
| NORMAN MATHISON, | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| BOSTON SCIENTIFIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |
| BERTIE FRANKUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BOSTON SCIENTIFIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**THIS MATTER** is before the court on Plaintiffs' "Motion to File Confidential Document Under Seal" (#149) and Plaintiffs' "Motion to Amend Exhibit" (#150). Plaintiffs state that Exhibit 19 to Plaintiffs' Motion in Limine No. 2, which is currently docketed as (#146-24), contains confidential information that was inadvertently filed along with the Motion in Limine. By the instant motions, Plaintiffs seek to place such exhibit under seal and to amend the exhibit by replacing it with a "placeholder document," attached for the court's review at (#150-1).

Regarding the Motion to Seal, the Local Civil Rule governing sealing provides, in relevant part, as follows:

**LCvR 6.1**         **SEALED FILINGS AND PUBLIC ACCESS.**

    (A)      Scope of Rule. This rule shall govern any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making. As used in this rule, "materials" shall include pleadings as well as documents of any nature and in any medium.

    (B)      Filing Under Seal. No materials may be filed under seal except by Order of the Court, pursuant to a statute, or in accordance with a previously entered Rule 26(e) Protective Order.

    (C)      Motion to Seal or Otherwise Restrict Public Access. A request by a party to file materials under seal shall be made by formal motion, separate and apart from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion shall be filed electronically under the designation "Motion to Seal." The motion or supporting brief shall set forth:
        (1)     a non-confidential description of the material sought to be sealed;
        (2)     a statement as to why sealing is necessary and why there are no alternatives to filing under seal;
        (3)     unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and
        (4)     supporting statutes, case law or other authority.

\* \* \*

    (E)      Public Notice. No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice shall be deemed reasonable where a motion is filed in accordance with the provisions of LCvR 6.1(C). Other parties, interveners, and non-parties may file objections and briefs in opposition or support of the motion within the time provided by LCvR 7.1 and may move to intervene under Fed. R. Civ. P. 24.

    (F)      Orders Sealing Documents. Orders sealing or otherwise restricting access shall reflect consideration of the factors set forth in LCvR 6.1(C). In the discretion of the Court, such orders may be filed electronically or conventionally and may be redacted.

L.Cv.R. 6.1 (W.D.N.C. 2012). The court has considered the factors contained in Local Civil Rule 6.1(C) and finds that, barring any future objection from Defendant or non-party, Exhibit 19 should be sealed. Though Plaintiffs have not provided a description of the Exhibit, the court has reviewed the document that Plaintiffs state was inadvertently filed as Exhibit 19, and finds that it appears to be e-mail correspondence between a sales representative of Defendant and a doctor who co-authored the "January 3, 2014 AUGS-SUFU Position Statement on Mesh Midurethral Slings for Stress Urinary Incontinence" (#146-1), which Plaintiffs move to exclude from trial by their Motion in Limine No. 2 (#146). Plaintiffs state that the document was produced during the course of this litigation and was designated as confidential.

The court finds that as the Exhibit involves matters of little public interest, and any decision referencing such exhibit will not be sealed, consideration of the factors provided in Local Civil Rule 6.1(C) indicates that the Motion to Seal should be granted. Inasmuch as the time for parties or non-parties to respond has not run to this motion, the court will consider any objection to this Order from Defendant or non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. In the event that no objections arise, the court will seal the Exhibit for the life of the case. If the parties believe at the conclusion of the case that such materials remain sensitive, they should move the Clerk of Court to strike any such sensitive pleadings from the official court record.

Insomuch as Plaintiffs seek to replace the previously-filed Exhibit 19 with the "placeholder document" through their "Motion to Amend Exhibit" (#150), the court advises Plaintiffs that the custom in this district is to simply limit access to the sealed exhibit itself in ECF. The court does not typically indicate that an exhibit is sealed by use of a non-sealed

"placeholder" exhibit. To that extent, the court sees no need for the proposed placeholder document to be put into the record and will therefore deny Plaintiff's "Motion to Amend Exhibit."

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiffs' "Motion to File Confidential Document Under Seal" (#149) is **GRANTED** and the Clerk of Court is respectfully requested to place Exhibit 19 to Plaintiff's Motion in Limine No. 2 (#146-24) under seal for the duration of this case.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion to Amend Exhibit" (#150) is **DENIED** for the reasons explained herein.

Signed: January 8, 2016

Max O. Cogburn Jr.
United States District Judge